IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASHAWN ANTHONY MACKALL,<br><br>Petitioner,<br><br>v.<br><br>M. ARVIZA,<br><br>Respondent. | No. 4:25-CV-01441<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

AUGUST 15, 2025

Petitioner Jashawn Anthony Mackall, who is confined at the Federal Correctional Institution, Allenwood Medium, in White Deer, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, he contends that the Federal Bureau of Prisons (BOP) failed to properly calculate and apply his earned time credits under the First Step Act of 2018 (FSA).[1] Because Mackall has failed to exhaust his administrative remedies and that failure to exhaust is evident from the face of his Section 2241 petition, the Court must dismiss his petition.

I.   **BACKGROUND**

Mackall is currently serving a 57-month sentence imposed by the United States District Court for the Western District of Pennsylvania for possession of a

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

firearm and ammunition by a convicted felon.[2] Mackall claims that the BOP has improperly calculated his FSA time credits. He asserts that he should have begun earning credits from the date of his sentencing (November 14, 2023) rather than when he arrived at FCI Allenwood Medium (January 8, 2024).[3] It is possible that Mackall is also asserting a claim regarding his recidivism risk level and a petition to the warden for individualized consideration for application of FSA credits,[4] although this claim is not adequately explained or developed.

Mackall does not state if or how he has raised his FSA credit disputes with the BOP. It does not appear that he even filed a first-level administrative remedy.[5] Instead, he simply asserts that "[e]xhaustion is futile because [his] release is imminent."[6]

On August 6, 2025, Mackall filed the instant Section 2241 petition in this Court.[7] Because it plainly appears from the face of his petition and attached exhibits that Mackall has failed to exhaust administrative remedies, the Court will

---

[2]  *See United States v. Mackall*, 2:22-CR-00111, Doc. 102 at 1-2 (W.D. Pa. Nov. 14, 2023).
[3]  Doc. 1 at 6.
[4]  *See id.*; Doc. 1-1 at 2; *see also* 18 U.S.C. § 3624(g)(1)(D)(i)(II); 28 C.F.R. § 523.44(c)(2).
[5]  *See* Doc. 1 at 2 (checking "No" in response to question of whether he pursued an administrative remedy).
[6]  *Id.* at 2, 3.
[7]  *See generally* Doc. 1. Although Mackall's petition is dated June 10, 2025, (*see id.* at 8), the envelope it was mailed in is postmarked August 1, 2025, (*see id.* at 9), and it was not received by the Court until August 6, 2025.

dismiss his Section 2241 petition without requiring a response from the government.[8]

## II.   DISCUSSION

Mackall raises a straightforward FSA credit-calculation claim regarding the start date for FSA credit accrual.  His petition also appears to implicate the discretionary process for individualized application of FSA credits by the warden described in 18 U.S.C. § 3624(g)(1)(D)(i)(II).  But Mackall failed to exhaust administrative remedies as to any claim, so the Court must dismiss his petition without prejudice because it is barred from reviewing his claims on the merits.[9]

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[10]  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves

---

[8] *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

[9] *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996); *Ryan v. United States*, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing *Moscato*, 98 F.3d at 760)); *see also Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (noting district courts' "inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

[10] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).

judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[11]

The BOP has a specific internal system through which federal prisoners can request review of any aspect of their imprisonment.[12] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[13]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[14] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[15] Exhaustion is likewise excused when it would be futile.[16] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[17]

---

[11] *Moscato*, 98 F.3d at 761-62 (citations omitted)
[12] *See generally* 28 C.F.R. §§ 542.10-.19.
[13] *See id.* §§ 542.13-.15.
[14] *See Moscato*, 98 F.3d at 761.
[15] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[16] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[17] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

Mackall plainly admits that he has not exhausted his administrative remedies.[18] It appears that he has not even filed a first-level administrative remedy regarding either of his FSA claims.[19] He argues that exhaustion would be "futile" because his "release is imminent."[20]

Mackall has not made a "clear and positive showing" that exhaustion would be futile. Indeed, it is possible that an administrative remedy to the Warden (or an appeal to the Regional Director or to General Counsel) may result in the relief he seeks, or at the very least create a developed record for federal habeas review. Mackall appears to contend that exhaustion is futile because pursuing his claim through the full administrative process would take too much time.[21] This argument has been consistently rejected by district courts, primarily because it would incentivize intentionally skirting the administrative process and waiting to file a Section 2241 petition until the petitioner's claimed release date is bearing down on the parties and the court.[22] "[T]he calamity—if any—which [Petitioner] might be

---

[18] *See* Doc. 1 at 2, 3, 7.
[19] *See id.* at 2.
[20] *See id.*
[21] *See id.*
[22] *See, e.g.*, *Bortolotti v. Knight*, No. 22-cv-, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022) ("Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course."); *Ortiz v. Zickefoose*, No. 10-cv-6767, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011) (collecting cases); *Velez v. Zickefoose*, No. 10-cv-3992, 2010 WL 5186158 at *3-4 (D.N.J. Dec. 15, 2010)(explaining that "such self-serving strategy has never been rewarded by the courts with habeas relief"); *Shoup v. Shultz*, No. 09-cv-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009).

facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the exhaustion requirement."[23]

Moreover, because Mackall has failed to exhaust his administrative remedies, it is impossible for the Court to determine what the BOP's official position is regarding his FSA credit-calculation and credit-application claims. FSA time credit disputes are well within the purview of the BOP, which is best situated to address (and potentially correct) these issues in the first instance. Mackall's failure to exhaust his FSA credit claims thus deprives this Court of a properly developed record for review.[24] Accordingly, the Court must dismiss Mackall's Section 2241 petition without prejudice for failure to exhaust administrative remedies.[25]

---

[23] *Shoup*, 2009 WL 1544664, at *5.

[24] *See Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012); *Armstrong v. Grondolsky*, 341 F. App'x 828, 831-32 (3d Cir. 2009) (nonprecedential) ("Exhausting administrative remedies . . . allows the agency to develop a factual record that will later facilitate judicial review. . . . The importance of the development of an accurate factual record where sentence computation is at issue cannot be overstated." (citation omitted)).

[25] *See Moscato*, 98 F.3d at 761.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Mackall's petition for a writ of habeas corpus under 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge